IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| M.B.<br>    Plaintiff,<br><br>v.<br><br>DR. WENDY LONG, in her official capacity as the Deputy Commissioner of the Tennessee Department of Finance and Administration and Director of the Bureau of TennCare and LARRY B. MARTIN, in his official capacity as Commissioner of the Tennessee Department of Finance and Administration,<br><br>    Defendants. | Civil Action No. 3:16-cv-02063<br><br>Judge Campbell<br>Magistrate Judge Newbern |

## Report of the Parties' Planning Meeting

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.01(d)(1)c and (d)(2), and this Court's Order of August 3, 2016, the parties conducted a case planning meeting by telephone on September 14, 2016. The following counsel participated in the meeting:

    For Plaintiff:        Christopher E. Coleman, Gordon Bonnyman

    For Defendants:    Michael Kirk, Nicole Moss, Linda Ross, Carolyn Reed

The parties report as follows:

### Local Rule 16.01(d)(2) Topics

**a. The basis on which the jurisdiction of the Court is invoked and whether the Court's jurisdiction is disputed.**

Jurisdiction is invoked on the basis of 28 U.S.C. § 1331, which provides for original jurisdiction over all civil suits involving questions of federal law, and 28 U.S.C. § 1343(3) and

(4), which grant this Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law of any rights, privileges, or immunities guaranteed by the U.S. Constitution and Acts of Congress.

For the reason set forth in the Memorandum in Support of the State's Motion to Dismiss, it is the Defendants' position that the Court lacks jurisdiction to hear Counts One, Two, and Three of Plaintiff's complaint.

b. **The parties' theories of the case and their claims and defenses.**

1. **Plaintiff's Theories and Claims**

In March of 2015, plaintiff M.B., a 34-year old working mother of three, fell into a coma caused a rare gynecological condition and was hospitalized. Because she was uninsured at the time, her husband attempted to apply for TennCare coverage on her behalf in person at the Robertson County, Tennessee office of the Department of Human Services (DHS) and by phone through the federally-facilitated healthcare Marketplace (FFM). Defendants and their agents unlawfully refused to accept a TennCare application from her husband on her behalf. After she recovered from her coma, M.B. was able to apply for and receive TennCare coverage, but with an effective date of coverage of May 27, 2015, nearly two months after her husband's attempt to apply on her behalf.

The delay in receiving TennCare coverage left her and her family with hundreds of thousands of dollars in medical expenses that should have been covered by TennCare. She repeatedly requested a fair hearing to correct her effective date of coverage, but each time Defendants unlawfully denied her request for a hearing. State officials invoked TennCare regulations that deny fair hearings to individuals whose appeals do not raise what TennCare staff deem in their discretion to be "a valid factual dispute."

Plaintiff M.B. claims, **first,** that Defendants' refusal to timely accept and process Medicaid applications on her behalf, when attempts were made both in person and by telephone by a family member authorized by federal law, violates Plaintiff's right to apply for medical assistance without delay in violation of 42 U.S.C. § 1396a(a)(8); **second,** that Defendants refusal to provide her with an opportunity for a fair hearing violates 42 U.S.C. § 1396a(a)(3) and the Due Process Clause of the Fourteenth Amendment; and **third,** that by refusing to accept and process TennCare applications submitted on Plaintiff's behalf by her husband while she was in a coma; by placing unnecessary and burdensome demands for her to access a fair hearing on her eligibility; and by denying her requests for a fair hearing, Defendants violated Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Plaintiff seeks compensatory, declarative, and injunctive relief for these violations.

2. **Defendants' Theories and Defenses**

For the reasons set forth in the Memorandum in Support of the State's Motion to Dismiss, Defendants contend that multiple reasons exist to dismiss each of Plaintiff's claims for relief with prejudice. In addition to these legal defenses, Defendants contest many of the factual assertions in Plaintiff's complaint, and currently lack information concerning many others.

c. **Target trial date and the expected length of trial.**

The parties anticipate that the trial will last approximately two days. The parties propose that trial be held 90 days after the deadline for filing reply briefs on any dispositive motions filed after the close of discovery.

d. **The identification of any issues resolved and those issues still in dispute.**

All issues in this case remain unresolved.

e. **The need for counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties and/or claims, or class action certification, and the need for resolution of any issues arising from Rules 13-15, Rules 17-21, and Rule 23 of the Federal Rules of Civil Procedure.**

Amended Pleadings. The parties request that the Plaintiff be given 21 days after the Court rules on Defendants' motion to dismiss to file a motion to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure; and that if the Court permits Plaintiff to file an amended complaint, Defendants be given 21 days after Plaintiff's deadline to file their answer or other responsive pleading.

f. **Deadlines for filing any dispositive motions and for filing any motions under Rules 13-15, Rules 17-21, and Rule 23. Dispositive motion deadlines shall be set sufficiently in advance of the target trial date to allow for resolution of the dispositive motions in advance of trial. No dispositive motion deadline, including response and reply briefs, shall be later than ninety (90) days in advance of the target trial date.**

Dispositive Motions. The parties agree that dispositive motions should be filed no later than 60 days after the close of discovery, with responsive briefing due 30 days thereafter, and reply briefing due 14 days thereafter.

g. **The delineation of the stages of discovery, discovery deadlines, and any limitations on discovery.**

The parties propose the following discovery plan:

1. Initial Disclosures. The parties agree to waive initial disclosures except those pertaining to Plaintiff's claims for compensatory damages, which Plaintiff will provide to Defendants no later than October 18, 2016.

2. Document Discovery. The parties agree that document discovery will open on October 5, 2016 and will close on November 18, 2016.

3. <u>Depositions</u>. The parties agree that depositions will be conducted after the Court rules on Defendants' motion to dismiss and they will be completed within 30 days of the Court's ruling.

4. <u>Subject Matter of Discovery</u>. Without limiting the parties' rights to discovery under the Federal Rules of Civil Procedure, the parties anticipate that discovery may be needed on all facts and information that pertain to:

(a) Plaintiff's allegations and claims for compensatory, declaratory, and injunctive relief;

(b) Defendants' asserted defenses;

5. <u>Electronically stored information</u>. Disclosure or discovery of electronically stored information (ESI) will be handled in compliance with Fed. R. Civ. P 26(b)(2)(B) and Fed. R. Civ. P. 34(b)(2)(E). The parties agree to engage in a reasonable process of producing ESI relevant to this action by making a good faith and reasonable inquiry of ESI to identify, collect, and process non-privileged and relevant ESI from relevant custodians by processing the data using reasonable culling methodologies that take into account burden and cost. Where appropriate, counsel for the parties shall confer to discuss the use of search terms, the identification of relevant custodians, and ESI to be searched, and other issues regarding the collection and processing of ESI. As such, in circumstances where a party is asserting data is not reasonably accessible, that party shall provide to the other party an explanation of why the information is not reasonably accessible and the undue burden or cost associated with retrieving the data. If the party requesting the information still insists on its production, the parties shall attempt to reach an agreement on sharing the cost of retrieving such data prior to bringing a motion to compel with the Court. ESI documents will be produced where practicable as single

page PDF or TIFF images with a unique identifier such as a Bates stamp where possible with an agreed upon load file format. If the documents will be more useable or more readily produced in their native format (e.g. excel/spreadsheet type documents), the document will be made available in its native format and in a TIFF or PDF format with a unique identifier number embossed on the document. If the native format document is used in pleadings, depositions or other applicable situations, the party using the native format will identify where possible the corresponding Bates-stamped TIFF or PDF image.

h. **Any stay of discovery in accordance with section (e)(1) of this Rule and any limitations on discovery.**

The parties agree that no stay of discovery is necessary.

i. **Deadlines for filing any other papers not described above, including but not limited to case management status reports.**

The parties do not request any additional deadlines at this time.

j. **If appropriate, the scheduling of a settlement conference and/or the time frame for utilizing any ADR program provided by the Court and/or, if agreed upon by the parties, any ADR program not provided by the Court.**

The parties do not request the scheduling of a settlement conference at this time.

k. **The scheduling of any necessary hearings on pending or anticipated issues before the case management judge, including but not limited to issues of joinder of parties or claims.**

The parties do not request the scheduling of any hearings at this time.

l. **The scheduling of subsequent case management conference(s) and the requirement for pre-conference communications among the parties, if appropriate.**

The parties do not request any subsequent case management conferences at this time.

m. **Any other matters appropriate to the needs of the case to aid in the just, speedy and less costly disposition of the case.**

At the time she filed the Complaint in this case, Plaintiff filed a Motion to Proceed Under Initials pursuant to Rule 5.2(e) of the Federal Rules of Civil Procedure. (D.E. 2.) The Court has not yet ruled on this Motion. Defendants do not object to referring to Plaintiff by her initials in public filings, but maintain that Federal Rule of Civil Procedure Rule 5.2(b)'s exemptions from the redaction requirements should apply in this case.

September 29, 2016

/s/Michael W. Kirk
Michael W. Kirk
Nicole J. Moss
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 220-9600

Linda A. Ross
Carolyn E. Reed
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202
(615) 532-9632

**Counsel to Defendants**

Respectfully submitted,

/s/Christopher E. Coleman
Christopher E. Coleman  TN BPR 24950
Gordon Bonnyman, Jr. TN BPR 2419
TENNESSEE JUSTICE CENTER
301 Charlotte Avenue
Nashville, Tennessee 37201
(615) 255-0331

**Counsel to Plaintiff**

# CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the foregoing has been filed with the Court through the CM/ECF filing system, and that by virtue of this filing notice will be sent electronically to all counsel of record, including:

Michael W. Kirk
Nicole J. Moss
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036

Linda A. Ross
Carolyn E. Reed
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202

Dated September 29, 2016.     /s/ Christopher E. Coleman
                                  Christopher E. Coleman