IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| M.B., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DR. WENDY LONG, in her official capacity as Deputy )<br>Commissioner of the Tennessee Department of Finance & )<br>Administration and Director of the Bureau of TennCare, et )<br>al., )<br>)<br>      Defendants. )<br>) | CIVIL ACTION NO. 3:16-cv-02063<br><br>Judge Campbell<br>Magistrate Judge Newbern |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff respectfully files this sur-reply in opposition to Defendants' Motion to Dismiss (Docket No. 21) to address two limited issues raised for the first time in Defendants' Reply brief (Docket No. 34).

**I.    Plaintiff's Claims under Section 1983, Title II of the ADA, and Section 504 of the Rehabilitation Act are not time-barred.**

Defendants argue that Plaintiff's claims in Counts One, Four, and Five, to the extent that they arise from TennCare's refusal to accept an application on Plaintiff's behalf, are time-barred, because the Tennessee saving statute, TENN. CODE ANN. § 28-1-105(a), does not apply to claims against the State. This is only true, however, in cases brought against the State under Tennessee statutes permitting suits against the State but expressly limiting the time in which such suits against the State may be brought. It does not apply to suits brought pursuant to 42 U.S.C. § 1983, the ADA, or the Rehabilitation Act. *See*, *e.g.*, *Clark v. Robinson*, 2007 U.S. Dist. LEXIS 15549,

at *11-19 (E.D. Tenn. March 5, 2007) (holding that the Tennessee saving statute applied to plaintiff's federal claims under Section 1983). Thus, Defendants argument fails.

The cases cited by Defendants all involve suits against the State brought under Tennessee statutes permitting suits against the State but expressly limiting the time in which such suits may be filed. *In re AMC Mortg. Co. Inc.*, 213 F.3d 917 (6th Cir. 2000), for example, involved a suit filed against the Tennessee Department of Revenue challenging the assessment of a tax under TENN. CODE ANN. § 67-1-1801, which only authorizes such suits if they are "filed within ninety (90) days from the mailing of the notice of assessment…." *Id.* at 920-21. The Sixth Circuit held that the saving statute could not revive a voluntarily dismissed action after the ninety-day statute of limitations, because "the State, as sovereign, may only be sued with its permission." *Id*. The court explained that the general saving statute does not apply to the state "when the statute that creates the right of action expressly limits the time in which a suit to enforce the action may be brought." *Id.*

Similarly, *Sneed v. City of Red Bank*, 459 S.W.3d 17 (Tenn. 2014), involved a claim under the Tennessee Governmental Tort Liability Act (GTLA). The court held that the Tennessee saving statute did not apply to claims brought under the GTLA, explaining that "where a statute authorizing a suit against the State or another governmental entity includes, or is subject to, a statute of limitations, the Legislature has consented to the waiver of immunity for that statutory period alone and no longer time." *Id.* at 28-9. Finally, in *Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 20 (Tenn. 2007), the court held that the saving statute did not apply to a claim brought against the State under the Tennessee Workers' Compensation Act, "because the savings statute does not contain the waiver of sovereign immunity necessary to support a suit against the State."

2

The holdings in each of these cases are based on the State's sovereign immunity. Since the State may "only be sued with its permission," *In re AMC Mortg. Co. Inc.*, 213 F.3d at 921, State statutes allowing suits to be brought against the State only within a specified amount of time must be strictly construed and cannot be overridden by general procedural statutes like the saving statute. This logic simply does not apply to Plaintiff's claims under Section 1983, the ADA, or the Rehabilitation Act, because none of these claims depend on the State's consent to a waiver of its sovereign immunity. As explained in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Plaintiff's Section 1983 claims fall within the *Ex Parte Young* exception to the State's sovereign immunity. (Docket No. 33, at p. 6.) Plaintiff's ADA and Rehabilitation Act claims do not implicate the State's sovereign immunity because Congress expressly abrogated the State's immunity in each of those acts. *See* 42 U.S.C. § 12202; 42 U.S.C. § 2000d-7.

In *Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980), the Supreme Court held that courts were not only obligated to apply the statute of limitations of the forum state to a plaintiff's Section 1983 claims, but also to apply state rules for tolling that statute of limitations. The Court reasoned that that the practice of "borrowing" state statutes of limitations "logically [includes] rules of tolling." *Id.* at 485. Since *Tomanio*, courts have repeatedly and consistently held that the Tennessee saving statute applies to claims brought under Section 1983. *See*, *e.g.*, *King v. Gillis* 1996 U.S. App. LEXIS 30358, at *6 (6th Cir. Nov. 19, 1996) (holding that the Tennessee saving statute for incompetence or disability, TENN. CODE ANN. § 28-1-106, applied to a suit brought under Section 1983, because such savings statutes are "an inherent aspect of the state statute of limitations," *citing Perreault v. Hostetler*, 884 F.2d 267, 270 (6th Cir. 1989)); *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 Fed. Appx. 506, 510 (6th Cir. 2005) (holding that suit

3

filed under Section 1983 was timely under the saving statute); *Clark*, 2007 U.S. Dist. LEXIS 15549, at *11-19; *Davidson v. Bredesen*, 330 S.W.3d 876, 879 n.1 (Tenn. Ct. App. 2009) (noting that Section 1983 suit involving plaintiff's disenrollment from TennCare was timely because it was "recommenced within the one-year period provided by the saving statute.").

Courts have also consistently held that the tolling rules of the forum state also apply to claims brought under Title II of the ADA and Section 504 of the Rehabilitation Act. *See*, *e.g.*, *Lewis v. Stenz,* 637 Fed. Appx. 943, 944 (7th Cir. 2016) (Claims "arising under Title II of the ADA use the statute of limitations and tolling rules that states employ for personal-injury claims."); *Estrada v. United States Dep't of Veterans Affairs*, 2016 U.S. Dist. LEXIS 6603, at *16 (N.D. Ohio January 20, 2016) (holding that the Ohio saving statute applies to claims brought under the Rehabilitation Act). Here, because Plaintiff's initial suit was timely, and because her Complaint in this Court was filed within the timeframes established by Tennessee's saving statute, her claims under Section 1983, Title II of the ADA, and Section 504 of the Rehabilitation Act are timely.

**II.** **Plaintiff Has Pled Facts Sufficient to Demonstrate Discriminatory Intent Under the ADA and the Rehabilitation Act.**

Defendants' reply motion states that Plaintiff has "concede[d]" the issue of discriminatory intent and thus cannot seek compensatory damages under the ADA or the Rehabilitation Act. (Docket No. 34, at p. 8.) This assertion is directly contrary to the pleadings in this case. With respect to both the ADA and Rehabilitation Act claims, Plaintiff has alleged that the Defendants violated her respective federal rights "[b]y refusing to accept and process TennCare applications on Plaintiff's behalf; by placing unnecessary and burdensome demands for Plaintiff to access a fair hearing on her eligibility; and by denying her requests for a fair

4

hearing . . . ." (Docket No. 1, ¶¶ 102, 107.) These allegations are sufficient to state a claim for intentional discrimination under existing Sixth Circuit case law.

To satisfy the "deliberate indifference" standard for discriminatory intent—which the Sixth Circuit has applied to ADA actions—a plaintiff must only show that a defendant "disregards a 'known or obvious consequence' of its actions, namely that its actions will violate the plaintiff's federally-protected rights." *R.K. ex rel. J.K. v. Bd. of Educ. of Scott Cty.* 637 F. App'x 922, 925 (6th Cir. 2016) (citing *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 410–11 (1997)). Clearly, the known and obvious consequence of the promulgation and enforcement of these regulations as applied to Plaintiff has been a denial of her federal rights under Title II of the ADA and Section 504 of the Rehabilitation Act. Thus, contrary to Defendants' assertions, Plaintiff has not "conceded" a lack of discriminatory intent. Plaintiff's allegations are sufficient to demonstrate deliberate indifference at the pleading stage and thus to state a claim for relief under Title II and the Rehabilitation Act.

Dated: November 4, 2016
Respectfully submitted,

/s/ Christopher E. Coleman
Christopher E. Coleman TN BPR 24950
Gordon Bonnyman, Jr. TN BPR 2419
TENNESSEE JUSTICE CENTER
301 Charlotte Avenue
Nashville, Tennessee 37201
Phone: (615) 255-0331

Jeff H. Gibson (26321)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2016, a true and exact copy of the foregoing has been served upon the following counsel of record via the Court's electronic filing system:

Ms. Linda A. Ross
Ms. Carolyn E. Reed
Tennessee Attorney General's Office
PO Box 20207
Nashville, TN 37202
(615) 532-9632
Carolyn.Reed@ag.tn.gov
Linda.Ross@ag.tn.gov

Mr. Michael W. Kirk
Ms. Nicole J. Moss
Cooper & Kirk
1523 New Hampshire Avenue, NW
Washington, DC 20036
(202) 220-9600
mkirk@cooperkirk.com
nmoss@cooperkirk.com

/s/ Christopher E. Coleman